IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>AND THE STATE OF ILLINOIS, )<br>*ex rel.* KATHERINE VERHULST, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>NORRIDGE GARDENS, et al., )<br>    Defendants. ) | Case No. 14 C 2083<br><br>Magistrate Judge Jeffrey T. Gilbert |
| UNITED STATES OF AMERICA, )<br>    Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>NORRIDGE GARDENS, et al., )<br>    Defendants. ) | |
| UNITED STATES OF AMERICA )<br>AND THE STATE OF ILLINOIS, )<br>*ex rel.* KATHERINE VERHULST, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>REX THERAPEUTICS, LLC AND )<br>NORRIDGE GARDENS, )<br>    Defendants. ) | Case No. 17 C 6889<br><br>Magistrate Judge Jeffrey T. Gilbert |
| UNITED STATES OF AMERICA )<br>    Plaintiff-Intervenor, )<br>v. )<br>)<br>REX THERAPEUTICS, LLC. AND )<br>NORRIDGE GARDENS, )<br>    Defendants. ) | |

**ORDER**

The Court entered a rule to show cause on August 16, 2022, in which it ordered Relator's counsel "to show cause why the Court should not award Defendants their

reasonable expenses including attorneys' fees incurred in opposing [Relator's Motion for Protective Order [ECF No. 160]] pursuant to Federal Rule of Civil Procedure 37(a)(5)(B)." [ECF No. 166]. For the reasons discussed in this Order, the rule to show cause is discharged, and Relator's counsel will not be required to reimburse Defendants for the attorneys' fees or expenses incurred in opposing Relator's Motion for Protective Order [ECF No. 160].

In the Court's view, Relator's counsel made a poor decision not to review the attorneys' fee settlement agreements they entered with defendants in *qui tam* cases related to the above-captioned cases before arguing to this Court and to Defendants Norridge and Rex in a way that implied those agreements contained express confidentiality provisions when, in fact, they did not. Relator's counsel concede they did not review the actual settlement agreements before they represented to the Court that those settlements were confidential.[1] Whether those agreements contained express confidentiality provisions or not, however, it is apparent from the briefing on the Rule to Show Cause [ECF Nos. 169, 171, 172] that Relator's counsel still would have sought a protective order against disclosure of those agreements in connection with Relator's dispute with Defendants Norridge and Rex about attorneys' fees in this case because Relator's counsel had given oral assurances of confidentiality to the settling defendants in those other matters and at least one of those defendants wanted to maintain that confidentiality. Defendants' counsel in this case, therefore, would have had to brief Relator's Motion for Protective Order [ECF No. 160] even if Relator's counsel had acknowledged much earlier than they did that the attorneys' fee settlement agreements in the other cases did not contain express confidentiality requirements.[2]

---

[1] *See* Relator's Brief Demonstrating Cause [ECF No. 169], at 8 ("Because it never occurred to Relator's counsel that the agreements did not contain a confidential designation, as was customary practice in the industry and consistent with counsel's experience in other cases, counsel did not review the agreements before filing the opposition [to Defendants' Motion to Compel [ECF No. 141]].").

[2] Relator's counsel say they never actually said the settlement agreements at issue contained express confidentiality clauses. *See* Relator's Brief Demonstrating Cause [ECF No. 169] ("Again, to be clear, counsel was not specifically representing to the Court that the physical agreements had a written clause stating they were confidential, only that the intent was that the documents be confidential and [not] become publicly available."). Defendants and the Court, however, certainly understood that Relator's counsel was arguing that the settlement agreements contained express confidentiality provisions, and it took a long time for Relator's counsel to acknowledge that was not, in fact, the case. Relator's counsel referred to those agreements as "these confidential Settlement Agreement's [sic]" in briefing Defendants' original motion to compel production of those agreements. *See* Relator Verhulst's Opposition to Defendants' Motion to Compel [ECF No. 149], at 6. Defendants repeatedly inquired whether those agreements contained express confidentiality provisions, and Relator's counsel understood Defendants position to be that "unless the settlement agreements themselves stated that they were 'confidential' they [should] not remain confidential." *See* Relator's

2

Defendants succinctly state the obvious in their brief seeking reimbursement of their attorneys' fees incurred in opposing Relator's Motion for Protective Order [ECF No. 160], and in support of the Rule to Show Cause [ECF No. 166]: "Relator's counsel could simply have made it clear in the motion [for protective order] that his continuing assertions of confidentiality were not based on a review of the language in the settlement agreements themselves and that he was basing his argument on his recollection of what he thought the defendants wanted two years before." Response [ECF No. 171], at 6. The Court agrees. The Court also agrees with Relator's counsel, however, that the position Relator's counsel took in the Motion for a Protective Order [ECF No. 160] was substantially justified in the context of this case and within the meaning of Federal Rule or Civil Procedure 37(a)(5)(A) given counsel's understanding of the confidentiality commitments they made to other *qui tam* defendants in connection with attorneys' fee settlements in other cases. Therefore, in the Court's discretion, it would not be fair to award Defendants their fees and costs for briefing a motion that very likely would have been briefed even if Relator's counsel had conceded well-before they did that the other settlement agreements in question did not contain express confidentiality provisions. Under these circumstances, an award of attorneys' fees for the reasons outlined in the Rule to Show Cause [ECF No. 166] would be unjust within the meaning of Rule 37(a)(5)(A).

None of this, however, excuses Relator's counsel's conduct in this case. Relator's counsel caused Defendants and the Court to spend time unnecessarily (and caused Defendants unnecessary incremental expense) trying to discern the basis for Relator's counsel's assertions that the attorneys' fee settlement agreements with other *qui tam* defendants could not be produced in connection with the attorneys' fee dispute between Relator and Defendants Norridge and Rex in this case because they were "confidential." But it is difficult and probably impossible, as a practical matter, to determine how much more time and expense Relator's counsel caused Defendants given Relator's counsel's apparent intention to maintain that the prior settlement agreements were confidential whether that intention was expressed in writing in those prior agreements or not. It would, however, have been good to know that was what was going in this case much sooner. That said, the Court does not believe the frustration caused to Defendants and the Court by the positions Relator's counsel took in connection with the dispute over production of the attorneys' fee settlement agreements in related *qui tam* cases is compensable or sanctionable beyond the admonishment contained in this Order.

Accordingly, for the reasons set forth herein, the Rule to Show Cause [ECF No. 166] is discharged, and Relator's counsel will not be required to reimburse

---

Motion for Protective Order [ECF No. 160], at 2. Had Relator's counsel acknowledged the settlement agreements in issue did not expressly say they were confidential rather than dancing around that point, the Court and the parties could have addressed the question of whether those agreements should be produced in this case or not in a more straightforward, direct manner.

3

Defendants for their attorneys' fees incurred in opposing Relator's Motion for Protective Order [ECF No. 160].

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 30, 2022